**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 26-6059**

———————————

GARY WAYNE CARTER,

　　　　　Plaintiff - Appellant,

　　　v.

JOHN BRAD WHITESIDES; CAPTAIN ERIC JAILLETTE; LANCASTER SHERIFF'S DEPARTMENT,

　　　　　Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Sherri A. Lydon, District Judge.  (0:23-cv-00779-SAL)

———————————

Submitted:  March 12, 2026　　　　　　　　Decided:  March 17, 2026

———————————

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Gary Wayne Carter, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Wayne Carter appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion to reopen his 42 U.S.C. § 1983 action. Without obtaining a response from Defendants, the district court construed the motion as arising under Rule 60(b)(1) and concluded that the motion "must be denied" as untimely because Carter filed it more than a year after the entry of the dismissal order. (E.R. 145);[*] *see* Fed. R. Civ. P. 60(c)(1). The district court further found that relief under Rule 60(b)(6), the subsection Carter cited in his motion, was not appropriate because, among other reasons, Rule 60(b)(1) was the proper subsection for claims of excusable neglect. "[W]e review a district court's denial of a Rule 60(b) motion for abuse of discretion." *Justus v. Clarke*, 78 F.4th 97, 104 (4th Cir. 2023).

Initially, we conclude that the district court did not abuse its discretion by finding that Rule 60(b)(1) was the appropriate subsection for Carter's claim that his homelessness prevented him from providing a current address to the court. *See* Fed. R. Civ. P. 60(b)(1) (providing that "the court may relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect"). And because Rule 60(b)(1) was the appropriate avenue for relief, the district court did not abuse its discretion by finding that Carter could not seek relief under Rule 60(b)(6). *See United States v. Williams*, 56 F.4th 366, 373 (4th Cir. 2023) (explaining that "the grounds for Rule 60(b)(6) are 'mutually exclusive' from the grounds of other Rule 60(b) motions, thus prohibiting parties who

---

[*] "E.R." refers to the electronic record filed in this appeal.

'failed to take timely action' on one ground from 'resorting to subsection (6)' to avoid the one-year limit" (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993))).

We conclude, however, that the district court abused its discretion by considering the timeliness issue sua sponte. While we have held that the one-year deadline for filing a Rule 60(b)(1) motion is not subject to equitable tolling, *id.* at 372, we reiterated in the same case "that Rule 60(b)'s time limit 'is an affirmative defense, not a jurisdictional bar,'" *id.* at 371 (quoting *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015)). Thus, because Defendants did not raise the timeliness issue, the district court had the discretion to consider Carter's Rule 60(b)(1) motion. *See id.* at 371 (explaining that "a party may forfeit the timeliness defense by not properly raising it"). Because the district court did recognize this discretion, we conclude that the court abused its discretion by denying the Rule 60(b)(1) motion as untimely.

Accordingly, we vacate the district court's judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*